UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clifton L. Davis, # 262942, | ) | C/A No. 9:11-cv-0342-JMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Dr. David Koon; | ) | |
| Palmetto Health Alliance; | ) | |
| Palmetto Richland Memorial; | ) | |
| Dr. Christopher R. Hydorm, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## *Background of this Case*

Plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. He has brought suit, *pro se,* against the Palmetto Health Alliance, two surgeons at the Palmetto Richland Memorial Hospital (which is one of several hospitals operated by the Palmetto Health Alliance), and the Palmetto Richland Memorial Hospital.

Plaintiff alleges that he had hip-replacement surgery performed on him by Defendant Koon and Defendant Hydorm at the "Richland Memorial Hospital" on February 15, 2008. Plaintiff was thereafter discharged on February 18, 2008, and was returned to the South Carolina Department of Corrections, where he is serving a thirty-year sentence for a drug-related conviction. Plaintiff indicates that one of his legs has become shorter and that he was never apprised of this possible



1

outcome. Hence, Plaintiff states that he is "suing Dr.'s Christopher R. Hydorm and David Koon for malpractice." (Complaint [ECF No. 1], at page 4). Plaintiff seeks corrective hip-replacement, future medical care, treatment for nerve damage in his hand, and punitive damages.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable).

Information contained on the South Carolina Secretary of State database (available on the LEXIS service) indicates that the Palmetto Health Alliance, which operates the Palmetto



Health Richland Hospital, is a non-profit corporation ("eleemosynary nonprofit") incorporated in South Carolina. Based on the allegations of the Complaint, Dr. Koon and Dr. Hydorm are also both residents of South Carolina. Hence, there is no basis for diversity jurisdiction in this case to consider Plaintiff's medical malpractice or negligence claims arising under South Carolina law, as the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). As noted, Dr. Koon and Dr. Hydorm are both residents of South Carolina, as is the Plaintiff, and a corporation is a citizen of the state of its incorporation and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c). Therefore, complete diversity of parties is absent in this case because Plaintiff and all defendants are citizens of South Carolina. *See* 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

Further, even if Plaintiff has intended to assert a federal claim under 42 U.S.C. § 1983, this case is still subject to dismissal. First, it does not appear [1] that the defendants are subject to suit under § 1983 because they have not acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Since the medical treatment provided by the defendants took place outside of a prison or jail, the holding in *Conner v. Donnelly*, 42 F.3d 220 (4th Cir. 1994) (*applying West v. Atkins*, 487 U.S. 42, 50 (1988):

---

[1] Although a non-profit corporation, it is possible that the Palmetto Health Alliance and/or the Palmetto Health Richland Hospital are "public" hospitals, as Palmetto Health is actually a "non-profit public benefit corporation." www.palmettohealth.org (March 3, 2011). If Palmetto Health Alliance is a "public" entity, the Hospital may be subject to suit under §1983.



a physician who provides medical services to inmates *at a state-run prison* acts under color of state law, even if that physician is a "contract" physician), is not applicable. *See also Ramirez v. Bayer*, Civil No. 4:09-CV-247, 2010 WL 1425782 (M.D. Pa. March 12, 2010) ("In fact, it is evident that the state played no role directing how Carpenter or Beyer exercised their medical judgment in assessing and treating Ramirez's complaints. Therefore, in its current form her constitutional claims against these private defendants are clearly inadequate and should be dismissed."), where the district court found that emergency room physicians who treated a prisoner for a splinter did not act under color of state law, which cites *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001). *Contra Anglin v. City of Aspen*, 552 F. Supp. 2d 1229 (D. Colo. 2008). *But see Sykes v. McPhillips*, 412 F. Supp. 2d 197, 204 n. 1 (N.D.N.Y. 2006) ("[I]f there was an express contract to provide medical care to prisoners, state actor status would be conferred.").

In any event, even if the Defendants could be deemed to be public actors for purposes of a § 1983 lawsuit, Plaintiff's claim still fails. With respect to medical care, a prisoner in a § 1983 action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976) (not "every claim by a prisoner that he has not received adequate medical treatment states a violation."). Negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983, nor is medical malpractice. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). In fact, negligence, in general, is not actionable under 42 U.S.C. § 1983; *see Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"); nor does Section

4



§ 1983 impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989).

### *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Plaintiff may pursue his medical malpractice claim in state court, if he so desires.

Plaintiff's attention is directed to the important Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 4, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

